# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# GRAND RAPIDS DIVISION

NICHOLE MCMILLAN,

                    Plaintiff,

v.

GENERAL MILLS,

                    Defendant.

Case No.    -cv

Honorable

_____

Keith D. Flynn (P74192)
Ryan A. Paree (P80345)
Attorneys for Plaintiff
Miller Cohen, PLC
7700 2nd Ave., Suite 335
Detroit, Michigan 48202
(313) 964-4454
kflynn@millercohen.com
rparee@millercohen.com

_____/

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

    */s/Ryan A. Paree*

## **COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff, Nichole McMillan, by and through her attorneys, Miller Cohen, PLC, and for her Complaint against Defendant, General Mills, states as follows:

## PARTIES

1. Plaintiff, Nichole McMillan, was employed by Defendant at their Yoplait factory. She is a resident of Evart, Michigan.

2. Defendant, General Mills, operated at all times relevant herein a factory in Reed City, Michigan.

## JURISDICTION

3. This Court has original jurisdiction over Plaintiff's claims arising under the Americans with Disabilities Act, as well as the Family and Medical Leave Act of 1993, 29 USC 28 pursuant to 28 USC 1331.

4. Under 28 USC 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

5. This Court is the proper venue pursuant to 28 USC 1391(b).

## GENERAL ALLEGATIONS

6. Plaintiff began work for Defendant in October 2020 as a skilled utility worker.

7. In March of 2022, Plaintiff took a medical leave of absence associated with a recent cancer diagnosis.

8. During her leave, Plaintiff had surgery to remove the cancer.

9. Plaintiff returned to work in October of 2022.

10. In or about December 2022, Plaintiff noticed she would start to feel ill two to

three times a month, and so went to the doctor each time.

11. At that time, Defendant's employees were required to utilize a third-party administrator called "Infotogo" to give notice regarding absences, which was primarily done through a phone app or a web browser.

12. Since her return to work, however, Infotogo refused to work as intended for Plaintiff.

13. As early as January 30, 2023, Plaintiff regularly and repeatedly complained to the Defendant that Infotogo did not work for her.

14. Each time she missed work for such a visit, she would inform her supervisor why she was absent as soon as possible, and attempted to report the missed work through Infotogo.

15. However, Plaintiff's access to Infotogo was never fixed, and accordingly she was prevented from reporting or submitting her medical paperwork through the service.

16. As part of the collective bargaining agreement between Defendant and Plaintiff's union, employees would accumulate "attendance points" for unexcused absences, with 8 attendance points meeting the threshold for termination.

17. Through May of 2023, Plaintiff accumulated 7.75 attendance points, attributable to her yet-unknown illness.

18. On April 22, 2023, Plaintiff collapsed while at work and was rushed to the

emergency room by her supervisor, Jeff Burhams ("Burhams").

19. At the hospital, Plaintiff discovered that her parathyroid had been unexpectedly and mistakenly removed entirely during her cancer surgery, explaining her ongoing health problems for the past five months.

20. Burhams was provided a copy of Plaintiff's medical documentation for Defendant's records.

21. Plaintiff's medical documentation included an explanation that Plaintiff would almost certainly require monthly infusions to correct for her missing parathyroid, and could need intermittent medical leave

22. Plaintiff was cleared to return to work on April 24, 2023.

23. Despite being informed that Plaintiff's disability was the cause of her absences, Defendant continued to "count" the absences related to her April 22 hospitalization against her.

24. Plaintiff attempted to formally report and submit medical documentation through Infotogo, but the program continued to refuse to work for her.

25. Plaintiff specifically informed Defendant's H.R. representative Bonny Palmer ("Palmer") that she was trying to submit medical documentation regarding her hospitalization, and that her doctor had also faxed the same documentation, but that Infotogo was refusing to record it.

26. Palmer acknowledged her request and placed a tech support ticket, but

otherwise did not acknowledge her medical leave or offer solutions enabling her to report her medical leave.

27. On or about June 15, 2023, Palmer met with Plaintiff to inform her that she had reached a combined attendance point total of 9.75, which would result in her termination.

28. During that meeting, Plaintiff once again reiterated that her absences were attributable to her disability, and that Infotogo was still preventing her from reporting and submitting medical documentation.

29. Palmer told Plaintiff that, if she could submit the appropriate medical documentation for two of her absences, they would remove those points from her attendance record and she would not be fired.

30. That same day, Plaintiff confirmed with Plamer that she had formally opened an intermittent medical leave claim.

31. Plaintiff's doctor faxed the requested medical paperwork to the Defendant, which included an accommodation request for intermittent leave and to excuse her past absences.

32. Defendant acknowledged receipt of the requested medical documentation, but denied the request because they deemed it late reported.

33. On July 14, 2023, Plaintiff was told that she was terminated unless she could immediately submit the requested medical paperwork.

34. Plaintiff's doctor once again submitted the appropriate medical paperwork that day.

35. Despite receiving the medical paperwork from her doctor to excuse her pending accommodation claim, Defendant still refused to reinstate Plaintiff's employment.

## COUNT I

## FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

36. Plaintiff incorporates by reference all preceding paragraphs.

37. Plaintiff had a disability as defined by the American with Disabilities Act, 42 USC 12101 et. seq. ("ADA").

38. Defendant is an employer as defined by the ADA.

39. Plaintiff's disability substantially limited one or more major life activities.

40. Plaintiff requested a reasonable accommodation in the form of intermittent leave and retroactive excusal of past absences.

41. Through no fault of her own, Defendant's (and their third-party administrator's) ongoing technical issues rendered Plaintiff physically unable to comply with Defendant's reporting policies.

42. Defendant was aware of Plaintiff's attempts to provide the appropriate notices and paperwork, but did not offer any means for Plaintiff to do so.

43. Instead, Defendant placed the burden on Plaintiff to resolve their technical issues.

44. Furthermore, Defendant terminated Plaintiff while she had an active accommodation request pending which could have resolved the reason for her termination.

45. Defendant's obstruction of Plaintiff's attempts to apply for leave constitutes a refusal to participate in the interactive process in good faith.

46. Defendant ultimately failed to provide the reasonable accommodation.

47. As a direct and proximate result of Defendant's failure to provide a reasonable accommodation, Plaintiff has lost wages and benefits; their future earning capacity has been substantially impaired; they have suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and they have suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order:

A. Granting all available damages for economic injury, loss of employment benefits, emotional distress, mental anguish, humiliation, outrage,

embarrassment, pain and suffering, loss of job opportunity, loss of earning capacity, exemplary damages, and other damages;

B.　　Ordering appropriate injunctive relief requiring Defendant to immediately implement all necessary corrective measures, such as mandatory training of all supervisory personnel and employees and an effective complaint process for harassment, to end the illegal harassment, discrimination and retaliation described in the allegations above;

C.　　Granting Plaintiff's reasonable attorney's fees and costs incurred in this litigation; and

D.　　Granting Plaintiff all such further legal and equitable relief as this Court deems appropriate to make Plaintiff whole.

## COUNT II

## MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT - DISCRIMINATION

48.　　Plaintiff incorporates by reference all preceding paragraphs.

49.　　Plaintiff was a disabled person as defined by Michigan's Persons with Disabilities Civil Rights Act, MCL 37.1103(d).

50.　　Defendant is an employer as defined by MCL 37.1201(b).

51. Plaintiff's disability substantially limited one or more major life activities.

52. Plaintiff requested a reasonable accommodation in the form of intermittent leave and retroactive excusal of past absences.

53. Through no fault of her own, Defendant's (and their third-party administrator's) ongoing technical issues rendered Plaintiff physically unable to comply with Defendant's reporting policies.

54. Defendant was aware of Plaintiff's attempts to provide the appropriate notices and paperwork, but did not offer any means for Plaintiff to do so.

55. Instead, Defendant placed the burden on Plaintiff to resolve their technical issues.

56. Furthermore, Defendant terminated Plaintiff while she had an active accommodation request pending which could have resolved the reason for her termination.

57. Defendant's obstruction of Plaintiff's attempts to apply for leave constitutes a refusal to participate in the interactive process in good faith.

58. Defendant ultimately failed to provide a reasonable accommodation.

59. As a direct and proximate result of Defendant's failure to provide a reasonable accommodation, Plaintiff has lost wages and benefits; their future earning capacity has been substantially impaired; they have suffered severe

emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and they have suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order:

A. Granting all available damages for economic injury, loss of employment benefits, emotional distress, mental anguish, humiliation, outrage, embarrassment, pain and suffering, loss of job opportunity, loss of earning capacity, exemplary damages, and other damages;

B. Ordering appropriate injunctive relief requiring Defendant to immediately implement all necessary corrective measures, such as mandatory training of all supervisory personnel and employees and an effective complaint process for harassment, to end the illegal harassment, discrimination and retaliation described in the allegations above;

C. Granting Plaintiff's reasonable attorney's fees and costs incurred in this litigation; and

D. Granting Plaintiff all such further legal and equitable relief as this Court deems appropriate to make Plaintiff whole.

## COUNT III

## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

60. Plaintiff incorporates by reference all preceding paragraphs.

61. Plaintiff was an eligible employee as defined by the Family Medical Leave Act ("FMLA"), 29 USC 1211(2)(a).

62. Defendant was an employer as defined by the FMLA, 29 USC 1211(4)(a).

63. Despite being qualified under FMLA, Defendant counted Plaintiff's excusable medical leave against her "attendance points" total.

64. Plaintiff requested intermittent FMLA leave and retroactive excusal of past absences which should have been protected by FMLA.

65. Through no fault of her own, Defendant's (and their third-party administrator's) ongoing technical issues rendered Plaintiff physically unable to comply with Defendant's reporting policies.

66. Defendant was aware of Plaintiff's attempts to provide the appropriate notices and paperwork, but did not offer any means for Plaintiff to do so.

67. Instead, Defendant placed the burden on Plaintiff to resolve their technical issues.

68. Furthermore, Defendant terminated Plaintiff while she had an active FMLA leave request pending which would have resolved the reason for her termination.

69. Defendant's obstruction of Plaintiff's attempts to apply for leave constitutes FMLA interference.

70. Defendant ultimately terminated Plaintiff for taking medical leave which was protected under the FMLA.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order:

A. Granting all available damages for economic injury, loss of employment benefits, emotional distress, mental anguish, humiliation, outrage, embarrassment, pain and suffering, loss of job opportunity, loss of earning capacity, liquidated damages, and other damages;

B. Ordering appropriate injunctive relief requiring Defendant to immediately implement all necessary corrective measures, such as mandatory training of all supervisory personnel and employees and an effective complaint process for harassment, to end the illegal harassment, discrimination and retaliation described in the allegations above;

C. Granting Plaintiff's reasonable attorney's fees and costs incurred in this litigation; and

D. Granting Plaintiff all such further legal and equitable relief as this Court deems appropriate to make Plaintiff whole.

## COUNT IV

## FAMILY MEDICAL LEAVE ACT -RETALIATION

71. Plaintiff incorporates by reference all preceding paragraphs.

72. The FMLA prohibits an employer from retaliating against an employee for their use of leave time. FMLA, 29 USC 2615(a)(2).

73. Despite being qualified under FMLA, Defendant counted Plaintiff's excusable medical leave against her "attendance points" total.

74. Plaintiff requested intermittent FMLA leave and retroactive excusal of past absences which should have been protected by FMLA.

75. Through no fault of her own, Defendant's (and their third-party administrator's) ongoing technical issues rendered Plaintiff physically unable to comply with Defendant's reporting policies.

76. Defendant was aware of Plaintiff's attempts to provide the appropriate notices and paperwork, but did not offer any means for Plaintiff to do so.

77. Instead, Defendant placed the burden on Plaintiff to resolve their technical issues.

78. Furthermore, Defendant terminated Plaintiff while she had an active FMLA leave request pending which would have resolved the reason for her termination.

79. Defendant's termination of Plaintiff because of her use of protected medical leave constitutes FMLA retaliation.

80. Defendant ultimately terminated Plaintiff for taking medical leave which was protected under the FMLA.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order:

A.      Granting Plaintiff all available compensatory damages for economic injury, extreme mental and emotional distress, humiliation, outrage, economic damages, loss of employment opportunity, harm to reputation, loss of earning capacity, and other damages.

B.      Ordering appropriate injunctive relief requiring Defendant to immediately implement all necessary corrective measures, such as mandatory training of all supervisory personnel and employees and an effective complaint process for harassment, to end the illegal harassment, discrimination and retaliation described in the allegations above;

C.      Granting Plaintiff reasonable attorney's fees and costs incurred in this litigation; and

D.      Granting Plaintiff all such further legal and equitable relief as this Court deems appropriate to make Plaintiff whole.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **MILLER COHEN PLC** |
|  | /s/ *Ryan A. Paree* |
|  | Ryan A. Paree (P80345) |
|  | *Attorney for Plaintiff* |
|  | 7700 Second Ave., Suite 335 |
|  | Detroit, Michigan 48202 |
|  | (313) 964-4454 |
| Dated: May 12, 2025 | rparee@millercohen.com |

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# GRAND RAPIDS DIVISION

NICHOLE MCMILLAN,

                                Case No.    -cv

        Plaintiff,

v.

                                Honorable

GENERAL MILLS,

        Defendant.

_____

Keith D. Flynn (P74192)
Ryan A. Paree (P80345)
Attorneys for Plaintiff
Miller Cohen, PLC
7700 2nd Ave., Suite 335
Detroit, Michigan 48202
(313) 964-4454
kflynn@millercohen.com
rparee@millercohen.com

_____/

## **DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, Nichole McMillan, by and through her attorneys, **MILLER COHEN, P.L.C.**, and hereby demands a trial by jury, for all issues so triable.

                                              Respectfully submitted,

                                              **MILLER COHEN PLC**

                                              /s/*Ryan A. Paree*
                                              Ryan A. Paree (P80345)
                                              *Attorney for Plaintiff*

|  |  |
|---|---|
| Dated: May 12, 2025 | 7700 Second Ave, Suite 335<br>Detroit, Michigan 48202<br>(313) 964-4454<br>rparee@millercohen.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2025, the foregoing document was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all parties of record.

Respectfully submitted,

**MILLER COHEN PLC**

/s/*Ryan A. Pare*
Ryan A. Paree (P80345)
*Attorney for Plaintiff*
7700 Second Ave, Suite 335
Detroit, Michigan 48202
(313) 964-4454
rparee@millercohen.com